IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANUARY MCCLAIN,<br><br>    Plaintiff,<br><br>v.<br><br>RILEY'S POUR HOUSE,<br><br>    Defendant. | Case No. 2:23-cv-189<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, January McClain, by and through her attorney, Prabhu Narahari, Esq. of Manes & Narahari LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1.  Plaintiff brings this Complaint to recover damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.,* and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.* Plaintiff alleges that she was subjected to a hostile work environment and retaliation for reporting sexual harassment.

### II. Jurisdiction and Venue

2.  This action arises under the Title VII. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.  Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Eastern Pennsylvania, and, therefore, this action is

within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding her allegations under Title VII on July 29, 2021, under charge number 533-2021-01367. *See Exhibit 1*.

6. Plaintiff was mailed Notice of Right to Sue from the EEOC on November 11, 2022. This Complaint has been filed within ninety days of the Plaintiffs receipt, thus making this action timely. *See Exhibit 2*.

### III. Parties

7. Plaintiff, January McClain ("Plaintiff"), is an adult individual with a primary residence located at 444 Finley Avenue, Carnegie, Pa 15106.

8. Defendant, Riley's Pour House, ("Defendant"), is a Pennsylvania limited liability company with a primary address of 215 East Main Street, Carnegie, Pa 15106.

### IV. Facts

9. Plaintiff began working for Defendant in November of 2019 as a server and bartender.

10. Plaintiff was successful in her position and worked at the Carnegie location.

11. Plaintiff's minor daughter, Madison Cunningham ("Cunningham"), also worked for the Defendant as a busser, runner, and hostess from September of 2019 until May 26, 2021.

12. Beginning in December of 2020, two adult employees of Defendant, Carrie Ann Steiner and Kayla Steiner, began sexually harassing minor employees.

13. Carrie Ann is a supervisor of Defendant.

14. Kayla is a bartender for Defendant.

15. On one occasion, Carrie Ann and Kayla shoved a smart phone depicting lingerie in the face of a minor employee.

16. The minor was clearly uncomfortable with the situation.

17. On another occasion, Carrie Ann and Kayla asked a minor employee how many people the minor has had sexual relationships with.

18. Plaintiff informed Defendant's management of Carrie Ann and Kayla's inappropriate behavior towards the minor employees.

19. Management created a report, listing Cunningham as a witness to many of these conversations.

20. After Carrie Ann and Kayla found out that Plaintiff had reported their inappropriate conduct, and that Cunningham was listed as a witness, they retaliated against Plaintiff and Cunningham.

21. Carrie Ann began telling customers lies, including that Plaintiff was using drugs.

22. Carrie Ann intentionally acted to retaliate against Plaintiff for reporting their conduct to management.

23. Plaintiff was retaliated against by the Defendant for reporting adult employees' inappropriate conduct towards minor employees.

24. As a result, Plaintiff was subjected to a hostile work environment.

25. Plaintiff was terminated from her position on May 26, 2021.

## COUNT I
### Hostile Work Environment in Violation of Title VII

26. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

27. Defendant employs more than fourteen (14) individuals and paid the plaintiff wages on a regular schedule for services rendered in the regular course of its business. Defendant therefore constitutes an employer within the meaning of Title VII.

28. Plaintiff provided services to Defendant within the regular course of its business in exchange for the payment for wages. Plaintiff is therefore an employee of the Defendant meaning of Title VII.

29. Carrie Ann directed Plaintiff's activities on behalf of the Defendant and has the title of "supervisor". Therefore, Carrie Ann is therefore a supervisor within the meaning of Title VII.

30. Kayla provided services to Defendant within the regular course of its business in exchange for the payment for wages. Kayla is therefore an employee of the Defendant meaning of Title VII.

31. Plaintiff reported sexual harassment of minor employees that she had witnessed.

32. Defendant is liable for Carrie Ann's actions because she was a supervisor within the meaning of Title VII.

33. Defendant is liable for Kayla's actions because she was an employee within the meaning of Title VII.

34. Furthermore, Defendant was aware of the actions of Carrie Ann and Kayla.

35. As a result of Plaintiff's report of sexual harassment, Carrie Ann and Kayla retaliated against Plaintiff.

36. Defendant took no action to prevent the harassment.

37. Plaintiff was continuously subjected to retaliation and harassment.

38. Defendant had a duty to provide Plaintiff with a work environment free of hostility and sexual harassment. Defendant failed to do so, and, as a result, breached its duty.

39. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

**COUNT II**
**Retaliation in Violation of Title VII**

40. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

41. Defendant employs more than fourteen (14) individuals and paid the plaintiff wages on a regular schedule for services rendered in the regular course of its business. Defendant therefore constitutes an employer within the meaning of Title VII.

42. Plaintiff provided services to Defendant within the regular course of its business in exchange for the payment for wages. Plaintiff is therefore an employee of the Defendant meaning of Title VII.

43. Carrie Ann directed Plaintiff's activities on behalf of the Defendant and has the title of "supervisor". Therefore, Carrie Ann is therefore a supervisor within the meaning of Title VII.

44. Kayla provided services to Defendant within the regular course of its business in exchange for the payment for wages. Kayla is therefore an employee of the Defendant meaning of Title VII.

45. Plaintiff made complaints to Defendant's management regarding the sexual harassment of its minor employees caused by Carrie Ann and Kayla that Plaintiff had witnessed.

46. A report was generated in response to Plaintiff's claims. This report also listed Plaintiff's minor daughter as a witness.

47. Plaintiff's daughter had given Defendant her two-weeks' notice to quite on May 25, 2021 due to the sexual harassment and retaliation of being a witness.

48. On May 26, 2021, Plaintiff and her daughter were terminated from their positions as a result.

49. Plaintiff believes, and therefore avers, that she was terminated in retaliation for her complaints of sexual harassment in the workplace in violation of Title VII.

50. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

## COUNT III

### Hostile Work Environment and Retaliation in Violation of the PHRA

51. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

52. The analytical framework used to evaluate a claim under the Pennsylvania Human Relations Act ("PHRA") is effectively indistinguishable from that under Title VII. See Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 409 (3d Cir. 1999).

53. Because Plaintiff is able to state *a prima facie* for a hostile work environment and retaliation under Title VII, so too will she be able to state such a claim under the PHRA.

54. Defendant constitutes as an employer within the meaning of the PHRA.

55. Defendant employs more than four individuals, making them subject to the provisions of the law.

56. Plaintiff was an employee of Defendant within the meaning of the PHRA.

57. Carrie Ann was a supervisor for Defendant within the meaning of the PHRA.

58. Kayla was an employee of Defendant within the meaning of the PHRA.

59. Plaintiff was targeted and suffered intentional harassment and retaliation due to reporting sexual harassment in the work place. As her employer, Defendant had a duty to provide Plaintiff with a harassment free work place.

60. Defendant failed to mitigate the harassment and retaliation that Plaintiff was forced to endure.

61. Additionally, Plaintiff engaged in a protected activity when she reported the sexual harassment that she witnessed to Defendant's management.

62. The casual connection between Plaintiff's engagement in the protected activity and the adverse employment action is evidenced by when the harassment and retaliation started for her and her daughter, when her daughter put in her two weeks' notice as a result of the hostile work environment and retaliation, and when Plaintiff was terminated.

63. Defendant had a duty to provide Plaintiff with a work environment free of hostility and sexual harassment. Defendant failed to do so, and, as a result, breached its duty.

64. Plaintiff suffered damages as a result of the hostile work environment and retaliation, including lost wages and emotional distress.

65. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state and federal law to be free from discrimination.

Respectfully Submitted,

/s/ Prabhu Narahari
Prabhu Narahari, Esq.
PA ID: 323895
**MANES & NARAHARI, LLC**
301 Grant Street, Suite 270
(412) 626-5588 Direct

(412) 650-4845 Fax
pn@manesnarahari.com